Dear Ms. Landrieu:
This office has been requested to review its opinion dated January 4, 1993, in connection with the response of Public Finance Management, Inc. ("PFM") to the Requests for Proposals ("RFP") for Financial Advisor ("FA") to the State of Louisiana.
The PFM proposal stated "PFM takes exception to and would request a waiver . . . with respect to the disallowance of doing any financial advisory work for any other issuers within the State of Louisiana. As noted elsewhere in this response to the RFP, PFM presently has several relationships within the State . . ."
Your staff requested that PFM advise whether, in light of the above quoted provision, it would sever its relationships with other issuers in the State. PFM responded by letter dated December 30, 1992, stating that if selected as FA "we will seek to negotiate a transition agreement with respect to PFM's existing clients within Louisiana that is satisfactory to the Commission . . ."
Based upon the foregoing, it was the opinion of this office that PFM's response was not responsive to the RFP. The Bond Commission staff then notified PFM that their response was unresponsive and thus they were disqualified.
I have been forwarded a copy of a letter from PFM dated January 5, 1993, which clarifies their letter of December 30, 1992 and states that they are willing, in the event that they are chosen as FA, to sever their relationships with other clients within the State; however, they want to make sure there is an orderly transition.
In the previous opinion of this office, we opined that PFM's offer was not responsive to the RFP, as PFM had expressed their unwillingness to sever their relationships with other issuers within the State of Louisiana. Based upon the clarifying letter of PFM, the opinion of this office is modified to delete that paragraph, as we feel that their offer is now responsive to the RFP regarding that issue. However, in the event that PFM is selected as FA to the State, implementation of the contract for Financial Advisor cannot occur until the relationships with other issuers in the State of Louisiana are terminated.
It is the further opinion of this office that the State Bond Commission can, in a procurement governed by the Professional, Personal, Consulting, and Social Services Procurement Code (the "Professional Procurement Code") contained in R.S. 39:1481, et seq., reconsider its decision to disqualify a proposer.
With the exception of the foregoing modification and additional clarifications, Opinion No. 92-867 of this office is affirmed.
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/jav